IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-cv-90-BO

| | | |
|---|---|---|
| SHOBHA VASUDEO PANDYA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ANDREW SAUL, | ) | |
| *Commissioner of Social Security*,[1] | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 19, 21]. A hearing was held on these matters before the undersigned on February 4, 2020 at Elizabeth City, North Carolina. For the reasons discussed below, plaintiff's motion for judgment on the pleadings [DE 19] is GRANTED and defendant's motion [DE 21] is DENIED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for supplemental security income. Plaintiff filed her application in July 2015. Plaintiff was given a hearing before an ALJ in November 2017, who issued an unfavorable ruling, finding plaintiff was not disabled. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g) this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported

---

[1] Saul has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).

by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20

C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then the claimant is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

In this case, plaintiff argues that the ALJ erred in failing to give controlling weight to the medical source statement of plaintiff's treating physician, Dr. Cook, while giving substantial weight to the opinions of non-examining SSA medical consultants. The ALJ determined the treating physician's opinion was not entitled to controlling weight because it was allegedly inconsistent with the overall record, including the physician's own treatment notes.

Treating source opinions are entitled to controlling weight if they are "well supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see also Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). When a treating source's opinion is not given controlling weight, ALJs must consider the length, frequency, extent, and nature of the treating relationship to determine how much weight to assign the opinion. Here, the ALJ did not sufficiently explain why Dr. Cook's opinion was given only limited weight. In discounting the opinion, the ALJ merely stated that it was inconsistent with the overall record and then cherry-picked certain of Dr. Cook's treatment notes that were purportedly inconsistent. Given the weight

generally assigned to treating source opinions, the ALJ's explanation is insufficient and remand is warranted.

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 19] is GRANTED and defendant's motion for judgment on the pleadings [DE 21] is DENIED. The decision of the Commissioner is REMANDED for additional proceedings, including further inquiry into whether plaintiff's limited English language skills support a finding of disability.

SO ORDERED, this __17__ day of February, 2020.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE